■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ADAMS, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered August 15, 1989, convicting defendant, after a jury trial, of burglary in the third degree and sentencing him, as a predicate felon, to an

indeterminate term of imprisonment of from two to four years, unanimously affirmed.

The defendant was observed sitting in front of three different open lockers in the Columbia University locker room within a period of several minutes, and rummaging within one of the lockers. When confronted by security officers and asked for identification, the defendant falsely reported that he was a University employee. As the defendant was being escorted to the registration area to verify his employment, he fled from the building, and into the street, where he was apprehended. One of the lockers that defendant had been observed sitting near, was found to have been broken into within one hour of the defendant's apprehension, but no property was reported missing.

When defense counsel attempted to establish through cross-examination that other persons in the neighborhood often used the University's gym facilities without permission, the Court sustained the prosecutor's objections. We find no error in these rulings inasmuch as such evidence would not be relevant to the defendant's intent when he entered the premises unlawfully.

After defense counsel argued on summation that defendant had merely trespassed on the premises to play basketball, the prosecutor responded that there was no evidence to disprove that he had entered for any other purpose than breaking into lockers. While the prosecutor should have refrained from using the word "disprove" in this context, reversal is not warranted by the unfortunate use of one word in an otherwise unobjectionable twenty-page summation, particularly in view of the trial court's clear instructions to the jury that the burden of proof was on the People and never shifts to the defendant. Finally, the defendant's argument that the Court erroneously charged the jury regarding the elements of burglary is not preserved for review since defense counsel explicitly stated that he had no objections or requested additions to the charge as given, and no written request to charge had previously been submitted to the Court (cf., People v Leisner, 73 NY2d 140, 147). Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.